INMAN et al. v. JOHNSTON.

(City Court of New York, General Term. November 27, 1893.)

STATUTE OF FRAUDS—ORIGINAL PROMISE.

    Plaintiff, having been requested by defendant to ascertain what extension of a certain water line was necessary, reported the result of his investigation to defendant, who said: "All right. Go ahead and make it, and I will pay you for it." *Held* an original promise, though the extension was necessary to save the franchise of a water company.

Appeal from trial term.

Action by George B. Inman and others against Walter S. Johnston. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and NEWBURGER, JJ.

Bangs, Stetson, Tracy & MacVeagh, for appellant.
Lamb & Petty, for respondents.

VAN WYCK, J. Plaintiffs' alleged cause is for work performed and materials furnished at the request of defendant in and about making a certain water-line extension. One of the plaintiffs testified that, at defendant's request, he went to Iowa to ascertain what extensions were required, and upon his return reported to defendant that the extension "which led up to the city jail" was re-

quired to be made, and that thereupon defendant replied, "All right. Go ahead and make it, and I will pay for it," and that plaintiff made this extension, and that the same was reasonably worth the sum sued for. Defendant's contention on appeal is that, because the water-line extension was rendered necessary to save certain franchise rights of a water-company corporation, hence that this promise of defendant is a promise to answer for the debt, default, or miscarriage of the water company, and not being in writing, and signed by him, is void under the statute of frauds. The evidence clearly shows that defendant's promise was an original promise to pay plaintiffs for work performed for defendant at his request, and not a collateral promise to answer for the debt, default, or miscarriage of another. The verdict for plaintiffs is sustained by the evidence, and the judgment and order appealed from are affirmed, with costs.