April 29th, 1912.

———o———

## 5492.

(Court of Appeal, Parish of Orleans.)

## JOHN B. CLARK vs. FRANK HARVEY.

Where the interest stipulated is usurious, the whole interest is forfeited. Revised Statutes, 1870, Section 1884.

Appeal from the Civil District Court, Division "B."

A. J. Rossi, for plaintiff and appellee.

W. V. Seeber, and Sol Wolff, for defendant and appellant.

ST. PAUL, J.—Plaintiff sued defendant and obtained judgment. Defendant apealed and now files in this Court a simple motion, unsupported by affidavit or proof whatsoever, in which he alleges that having brought suit to annul the judgment appealed from, he was unable to cite plaintiff by reason of said plaintiff being a non-resident; wherefore he prays that this Court postpone the trial of this case until such time as said plaintiff voluntarily appears in the Court below and makes answer to the action to annul, and until judgment be rendered in said proceeding, the effect of which would be to suspend the execution of the judgment appealed from pending the trial of the suit to annul it.

We know of but two ways in which the execution of a judgment may be suspended. One is by appeal, of which defendant has availed himself. The other is by injunction, based upon affidavit and bond a proceeding still open to defendant.

But for this Court to refuse arbitrarily to pass upon this appeal until plaintiff voluntarily submits himself to the jurisdiction of the Court to whose process he is not subject, would be nothing less than an unwarranted and oppressive abuse of judicial power. We decline to allow the motion.

On the merits; Plaintiff sues upon two promissory notes, the execution thereof is admitted by plaintiff, who pleads payment and also usury.

His own testimony however, shows that he has paid nothing on the obligations herein sued upon, and that the same are still due and owing in full.

The notes sued on were made in Mississippi and stipulated interest at the rate of ten per cent from date, which, interest is claimed to be lawful in that State. But the Mississippi Statutes are not offered in evidence herein

and therefore cannot be considered; so that the provisions of our own statutes must govern.

Hence the rate of interest stipulated being usurious the **whole interest** is forfeited. **Revised Statutes, 1870, Section 1884; Succession of Rhoton, 34 An., 893, 897.** Even legal interest from judicial demand cannot be allowed. **Hennen's Digest, Vol. 1, p. 818, No. 10.**

The judgment appealed from is therefore erroneous insofar as it allows interest, and all said interest must be striken therefrom.

It is therefore ordered that the judgment appealed from be amended by striking therefrom the words **"with ten per cent per annum interest. thereon from March 4th, 1907, until paid,"** and that as thus amended said judgment be affirmed; costs of appeal to be borne by plaintiff the appellee.

February 19th, 1912.

Rehearing granted, March 18th, 1912.

## ON REHEARING.

Where the interest stipulated is in excess of the highest conventional rate, it will be reduced to that rate.

DUFOUR, J.—A re-examination of the case has led us to the conclusion that, our declaration that the whole interest herein was forfeited because of the usurious stipulation was erroneous.

Act 291 of 1855, amending Article 2924 R. C. C., provides that the amount of the conventional interest should not exceed eight per cent under pain of forfeiture of the entire interest.

But Act 68 of 1908, amending the same article and

practically redrafting it, omitted the penalty of the act of 1855, and contains a repeal of all conflicting legislation.

This amendment took the place of the prexisting article, which thereupon ceased to exist and became suspended by the amendment. **Meyers vs. Vasquez, 56 S. R. 619; Seeling vs. I. C. R. R., No. 5222 Court of Appeal.**

We think the rate of interest properly reducible to the highest rate allowed for conventional interest by our statute.

Our previous decree is set aside, and the judgment is amended by reducing the interest to eight per cent per annum, and, as amended, the judgment is affirmed, appellee to pay costs of appeal.

May 13th, 1912.